NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Dr. Marc S. Menkowitz, M.D., as designated authorized representative of J.R., and Patient J.R.,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Cross Blue Shield of Illinois and The Allstate Corporation,<br><br>Defendants. | Civ. No. 14-2946<br><br>**OPINION** |

THOMPSON, U.S.D.J.

      This matter appears before the Court upon the Motion of Defendant Allstate Insurance Company ("Allstate")[1] to Dismiss the Complaint of Plaintiffs Marc S. Menkowitz, M.D. and Patient J.R (collectively, "Plaintiffs"). (Doc. No. 17). Defendant Health Care Service Corporation ("HCSC")[2] has joined Allstate's Motion to Dismiss. (Doc. No. 18). Plaintiffs oppose Defendants' motion. (Doc. No. 22). The Court has issued the Opinion below based upon written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Motion to Dismiss will be granted in part and denied in part.

BACKGROUND

---

[1] Plaintiffs' Complaint incorrectly identified the Defendant as "The Allstate Corporation."
[2] Although Plaintiffs named Blue Cross Blue Shield of Illinois as the Defendant, the proper party is Health Care Service Corporation.

1

This action alleges breach of fiduciary duties, wrongful denial of medical benefits, and failure to provide documents under the Employee Retirement Income Security Act, 28 U.S.C. §§ 1331, et seq. ("ERISA").

Plaintiff Patient J.R. is an Allstate employee and "a member of, beneficiary of, participant in, and/or insured by a health insurance policy issued and/or administered by Defendant [HCSC]."  (Compl. ¶¶ 5-6).  The healthcare plan at issue is covered by the Allstate Insurance Company Consolidated Plan Document for the Cafeteria Plan and Certain Welfare Benefit Plans ("the Plan").[3]  (Doc. No. 17, Dumas Decl., at ¶ 1).  The Plan explicitly prohibits participants from assigning any right or interest conferred under a health plan covered by the Plan.  (*Id.* at Ex. A-3).  Specifically, Section 11.03 states:

> No Assignments.  The Right of any Participant to receive any benefits under the Plans shall not be subject to any claims by any creditor of or claimant against the Participant; and any attempt to reach such amounts by any such creditor or claimant, or any attempt by the Participant to confer on any such creditor or claimant any right or interest with respect to such amounts, shall be null and void.

(*Id.*).

Plaintiff Dr. Menkowitz is an out-of-network or non-participating healthcare provider who has not entered into a contract with HCSC to accept agreed upon rates for services provided to Patient J.R. under the Plan.  (Compl. ¶¶ 10, 34).  On August 3, 2011, Patient J.R. allegedly assigned his benefits under the Plan to Dr. Menkowitz by executing an agreement establishing a "Legal Assignment of Benefits & Designation of Authorized Representative" ("AOB").  (*Id.* at ¶ 16).  Under the AOB, Plaintiff J.R. remained "financially responsible for all charges regardless

---

[3] Although the Plan documents were not submitted as part of Plaintiffs' Complaint, "an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis removed).  Plaintiffs, in their opposition brief, have not objected to the Court's consideration of the Plan documents.  (*See* Doc. No. 22).

2

of any applicable insurance or benefit payment." (*Id.* at ¶ 19(b)). Dr. Menkowitz is presently suing as Patient J.R.'s authorized representative.

Plaintiffs allege that Dr. Menkowitz administered medical services to Patient J.R., and on September 6, 2011, Dr. Menkowitz submitted a claim in the amount of $112,430.00 to HCSC for the services rendered. (*Id.* at ¶¶ 37, 39). On November 2, 2011, HCSC determined that the allowed amount for these services was $5,199.81 and made a payment in this amount to Patient J.R. (*Id.* at ¶ 41). Plaintiffs allege that this amount is significantly lower than Defendants' usual and customary rates, and thus Dr. Menkowitz filed First and Second Level Appeals to HCSC on February 15, 2012 and April 22, 2013. (*Id.* at ¶¶ 43-47). Plaintiffs allege that Defendants' response to the First Appeal was to inform Plaintiffs that claim inquiries should be sent to the local Blue Cross Blue Shield Office. (*Id.* at ¶ 45). Plaintiffs allege that Defendants did not respond to the Second Appeal. (*Id.* at ¶ 48).

On May 9, 2014, Plaintiffs filed the present suit alleging three claims under ERISA: breach of fiduciary duty (Count I), failure to pay benefits (Count II), and failure to provide requested documents relating to the subject claim (Count III). Plaintiffs also requested attorneys' fees under 29 U.S.C. § 1132(g)(1).

DISCUSSION

A. Legal Standard for a Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must

3

'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. at 678–79).

    B.  Analysis

*Dr. Menkowitz's Standing*

Defendants assert that Dr. Menkowitz lacks standing to sue under ERISA. Rule 12(b)(1) governs a Motion to Dismiss for lack of standing as standing is a jurisdictional matter. *See St. Thomas–St. John Hotel & Tourism Ass'n v. Gov't of the U.S. V.I.*, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."). Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations in the complaint and construe the facts in favor of the nonmoving party. *See Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003). Plaintiff bears the burden of establishing standing. *See id.*

Only participants or beneficiaries of the relevant plan have standing to sue under § 502(a) of ERISA.[4] *See Pascack Valley Hospital v. Local 4644 UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004). It is undisputed that Patient J.R. is a beneficiary of the

---

[4] § 502(a) of ERISA is currently codified as 29 U.S.C. § 1132(a).

Plan. Plaintiffs assert that Dr. Menkowitz, as a result of the AOB signed by Patient J.R., stands in Patient J.R.'s shoes and thus is, pursuant to § 502(a) of ERISA, "a participant or beneficiary" bringing a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B). Defendants assert that Dr. Menkowitz has no standing because Patient J.R.'s assignment under the AOB is void due to the anti-assignment provision in the Plan. Plaintiffs have not disputed Defendants' interpretation of the anti-assignment provision,[5] but instead assert that assignment is specifically permitted by ERISA, pointing to 29 C.F.R. 2560.503-1(b)(4), which states that claims procedures for a plan are reasonable only if: "[t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination."

Plaintiffs' arguments for Dr. Menkowitz's standing are mistaken. Although the Third Circuit has not ruled on the enforceability of anti-assignment provisions in group health care plans, the clear majority of Circuits,[6] as well as sister courts in this District, have found such provisions to be enforceable. *See, e.g.*, *Specialty Surgery of Middletown v. Aetna*, No. 12-4429 JLL, 2014 WL 2861311 at *4 (D.N.J. June 24, 2014); *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-6160 JAG, 2009 WL 3233427 at *4 (D.N.J. Sept. 30,

---

[5] Plaintiffs also point to a Summary Plan Description (SPD) document that mentions claimants and "claimant's representative" as evidence that the Plan permits representatives. (Doc. No. 22, Ex. A). However, Plaintiff misconstrues these documents as they pertain to internal claim appeal processes and the administrative exhaustion requirement for filing a lawsuit. These provisions do not address any assignment of rights in the context of a civil lawsuit seeking benefits.
[6] The First, Fifth, Ninth, Tenth, and Eleventh Circuits have enforced unambiguous anti-assignment provisions in ERISA governed plans. *See Briglia*, 2005 WL 1140687 at *4 (collecting cases); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348 (5th Cir. 2002).

2009); *Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033 FWL, 2005 WL 1140687 at *4 (D.N.J. May 13, 2005). All of the cases Plaintiff cited to support a standing claim are easily distinguishable from the present case as they involved situations where no anti-assignment provision was alleged or an anti-assignment provision had been waived. No waiver has been alleged here. In addition, Plaintiffs misconstrue 29 C.F.R. 2560.503-1(b)(4). This provision applies to internal submission of claims and appeals on behalf of beneficiaries, not civil lawsuits in federal courts. Thus, 29 C.F.R. 2560.503-1(b)(4) is inapplicable here.

In light of the undisputed anti-assignment clause covering Patient J.R.'s health plan, Patient J.R.'s attempted assignment of benefits and rights to Dr. Menkowitz is void. Therefore, claims by Dr. Menkowitz will be dismissed for lack of standing under § 502(a) of ERISA.

*Patient J.R.'s Standing*

Defendants also assert that Patient J.R. lacks standing. To satisfy the constitutional standing requirements of Article III,

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Twp. of Piscataway v. Duke Energy*, 488 F.3d 203, 208–09 (3d Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, Defendants argue that Patient J.R. has not asserted an injury-in-fact because the Complaint does not allege that Dr. Menkowitz has sought to recover any payment from Patient J.R. However, drawing all inferences in favor of Patient J.R., as is required under Rule 12(b)(1), it appears that Patient J.R. is indebted to Dr. Menkowitz for any medical charges unpaid for by Defendants. Patient J.R.'s claimed injury-in-

6

fact is that she owes Dr. Menkowitz more than she would have had the Defendants properly paid the asserted benefits. Thus, the claims of Patient J.R. will not be dismissed for lack of standing.

*Breach of Fiduciary Duty*

Lastly, Defendants assert that Count I of Plaintiffs' Complaint alleging breach of fiduciary duty must be dismissed because Plaintiffs do not allege fiduciary misconduct resulting in loss to the Plan. The Supreme Court held that beneficiaries may bring suit under ERISA § 502(a)(2) to assert a breach of fiduciary duty if the alleged breach "inures to the benefit of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 73 U.S. 134, 140 (1985). Thus, 502(a)(2) suits are "derivative in nature—that is, while various parties are entitled to bring suit . . . they do so on behalf of the plan itself. Consequently, the plan takes legal title to any recovery, which then inures to the benefit of its participants and beneficiaries." *Graden v. Conexant Systems, Inc.*, 496 F.3d 291, 295 (3d Cir. 2007).

Here, Plaintiffs have not alleged any breach of fiduciary duty that would "inure[] to the benefit of the plan as a whole." *Russell*, 73 U.S. at 140. Rather, Plaintiffs seek monetary damages for alleged underpayment of benefits in their case only. Thus, Plaintiffs' Count I alleging breach of fiduciary duty is actually a claim asserting wrongful denial of plan benefits, the same as Count II. *See Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-03057 JLL JA, 2014 WL 2094045 at *4 (D.N.J. May 20, 2014) (stating that because "[p]laintiffs do not allege facts that, if proven, establish a breach of fiduciary duty by Horizon independent of the denial of benefits," plaintiffs have failed to assert a breach of fiduciary duty). Plaintiffs, in their opposition brief, have pointed to no authority suggesting otherwise and have not asserted any arguments that their Complaint does indeed allege a breach of duty that, if

7

redressed, would benefit the plan as a whole.  Therefore, Count I of the Complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss will be granted in part and denied in part.  The Motion is granted with respect to claims by Dr. Menkowitz and with respect to Count I, breach of fiduciary duty, but the Motion is denied with respect to remaining claims by Patient J.R.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.